**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No. _____

JUAN ALBERTO,                       )
an individual,                      )
                                    )
     Plaintiff,               )
v.                                  )
                                    )
NO. 1 AUTO SALES, INC.,             )
a Florida corporation               )
                                    )
     Defendant.               )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JUAN ALBERTO, alleges violation of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32701 *et seq.* ("MVICSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against Defendant NO. 1 AUTO SALES, INC., in connection with the sale of a 2007 Chevrolet Tahoe by Defendant to Plaintiff.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under the FMVICSA, a federal statute.

2.     The Court has supplemental jurisdiction under 28 U.S.C. §1367 because the state law claims arise out of the same illegal conduct as the federal claim.

3.     Venue is proper in Broward County, Florida, as Plaintiff resides in Fort Lauderdale, FL, and Defendant actively conducts business in Broward county.  Specifically, Defendant owns and operates a car dealership with its principal place of business at 126 North State Road 7, Hollywood, FL 33021.

## PARTIES

4.     Plaintiff is a resident of Fort Lauderdale, Florida.

[1703825/1]                         1

5.      Defendant No. 1 Auto Sales, Inc. ("Dealer") is a Florida corporation, engaged in the business and licensed by the State of Florida as a motor vehicle dealer.

## FACTUAL ALLEGATIONS

*I.      Plaintiff Purchased A Used Car from Defendant Based on Defendant's Disclosures.*

6.      On June 10, 2015, Mr. Alberto visited Defendant's dealership looking to buy a vehicle.

7.      Mr. Alberto met with Kenny Casmiro, a sales representative who worked for Defendant.

8.      After looking at multiple vehicles, Plaintiff selected a 2007 Chevrolet Tahoe K1500, VIN# 1GNFK13017R149083 ("Vehicle").

9.      Defendant represented to Plaintiff that the 2007 Chevrolet Tahoe had 102,395 miles on it, and that it had a "clean" title.

10.     Based on the Defendant's representations, Plaintiff bought and financed the Vehicle.

11.     Defendant drafted and required Plaintiff to sign, among other documents, a Bill of Sale ("BOS") and a Retail Installment Sales Contract ("RISC") containing the financial terms and obligations of the parties. A true and accurate copy of RBO and RISC are attached as Exhibit "A" and "B."

12.     Plaintiff financed the Vehicle for $17,395.54 with a total purchase price of $18,395.54.

13.     Defendant deliberately did not show the title to the vehicle, and did so with a deliberate intent to induce Plaintiff into purchasing the vehicle.

14. On the Bill of Sale, there is a specific box for Defendant to check off if Defendant is not aware of the actual miles of the vehicle being sold.

15. Notably, Defendant did not check that box off in the transaction with Mr. Alberto, indicating that the actual miles represented were correct.

## II. In 2018, Plaintiff Learned that Defendant's Disclosures Were False.

16. Plaintiff would later discover that Defendant did not check that box off as part of its intent to conceal the vehicle's true mileage and also the significant titling issues related to the vehicle.

17. In March 2018, Mr. Alberto went to Rick Case Honda to trade in his current vehicle and purchase a different vehicle.

18. Rick Case Honda advised Mr. Alberto that his current vehicle was almost worthless because it was listed as having a "Not Actual Mileage' title that had been reported by Defendant No. 1 Auto Sales, Inc.

19. Despite filing this information with the state of Florida which differs markedly to what Plaintiff was told, Defendant No. 1 Auto sales, Inc. never disclosed to Mr. Alberto that they sold him a vehicle with a "Not Actual Mileage' title. *See* Exhibit "C."

20. This caused significant financial damage to Mr. Alberto as he still had approximately $10,000.00 due and owing on his loan balance.

21. Plaintiff was even more shocked to learn that on April 22, 2014, (well before Mr. Alberto purchased the vehicle), the mileage was noted to be **119,882.** (Which is expressly contradicted by the documents given to Plaintiff by defendant, which aver that the mileage was 102,395)

[1703825/1]                                        3

22.    Plaintiff had scant time to review the documents because Defendant's employees rushed him through the signing.

23.    The Defendant's representations about the Vehicle were and are false.

24.    Had Plaintiff known the Vehicle had significantly more miles that was represented, and that there was a cloud on the title, he would not have purchased the vehicle.

25.    Defendant's intentional conduct damaged the Plaintiff because he purchased a vehicle that was worth significantly less than what he paid for it.

### III.    *Defendant Intentionally Violated the MVICSA*

26.    On June 10, 2015, the date Plaintiff purchased the vehicle, Defendant never showed the Vehicle's title to Plaintiff because it would have revealed the mileage discrepancy, and that the title was clouded.

27.    Defendant withheld the title from Plaintiff so it could represent the Vehicle and sell it for a higher price.

28.    Defendant intentionally misrepresented the status of the Vehicle with the intent to defraud Plaintiff.

29.    Plaintiff reasonably relied on the Defendant's false representations in purchasing the Vehicle.

30.    Defendant also provided false information to the Florida Department of Vehicles, in connection with the transfer of ownership to Plaintiff, because it originally represented the Vehicle as having no issues associated with the title.

31.    Defendant intended to defraud Plaintiff and all other purchasers of the Vehicle because it represented to the Florida Department of Motor Vehicles that, when sold to Plaintiff, the Vehicle only had 102,395 miles, when in fact that was not true.

32.     All of the Defendant's representations to Plaintiff and the Florida Department of Motor Vehicles about the Vehicle were and are false.

**COUNT I**
**DEFENDANT'S VIOLATION OF THE MOTOR**
**VEHICLE INFORMATION AND COST SAVINGS ACT 49 U.S.C. § 32705(a)(2)** *et seq.*

Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1 through 32 above as if fully set forth herein.

33.     Plaintiff is a person as defined by the MVICSA.

34.     Defendant is a "transferor" as defined by the MVICSA.

35.     Plaintiff is a "transferee" as defined by the MVICSA.

36.     Defendant transferred ownership of the Vehicle when it gave Plaintiff possession of it.

37.     In connection with transferring ownership of the Vehicle, Defendant, with intent to defraud Plaintiff, violated the MVICSA in the following ways:

- When it provided false statements about the Vehicle's mileage on the BOS and all documents submitted to the Florida Department of Motor Vehicles. 49 U.S.C. § 32705(a)(2).

- When Defendant failed to show the Vehicle's title to Plaintiff. 49 U.S.C. § 32705(a)(1); 49 CFR 580.5(c).

38.     Defendant acted with intent to defraud Plaintiff and all subsequent purchasers.

39.     Because of the Defendant's violations of the MVICSA, Plaintiff is entitled to damages of three (3) times his actual damages or $10,000.00, whichever is greater, and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant for of three (3) times his actual damages or $10,000.00, whichever is greater, litigation

[1703825/1]                          5

costs and attorney's fees, all declaratory and injunctive relief available; that the Court enter an order that Defendant and its agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records relating to Plaintiff, and such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT'S VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT § 501.204(1) AND 501.976(4)**

Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1 through 32 above as if fully set forth herein.

40.    Plaintiff is a "consumer" defined under Florida Statute §501.203(7).

41.    Plaintiff is also a "customer" as defined under Florida Statute § 501.975(1).

42.    Defendant is a "dealer" as defined under Florida Statute § 501.976(2).

43.    Defendant engaged in "trade or commerce" as defined by Fla. Stat. Ann.§ 501.203(8), when it sold the 2007 Chevrolet Tahoe to Plaintiff.

44.    Defendant generally violated the FDUTPA under Fla. Stat. Ann. § 501.204 when it engaged in unfair and deceptive practices in trade or commerce during the sale of the 2007 Chevrolet Tahoe, including but not limited to when it:

    a.   misrepresented the true mileage of the vehicle;

    b.   did not disclose that the vehicle's title was clouded;

    c.   concealed the title of the vehicle from Plaintiff;

    d.   submitted false information to the state of Florida in connection with the titling of the vehicle; submitted a "Not Actual Mileage: title to the state of Florida, and deliberately withheld this information from Plaintiff; and

    e.   represented the condition of the vehicle to be something it was not.

[1703825/1]                                   6

45.     Defendant violated Fla. Stat. Ann. § 501.976(4) when it represented the quality of care, regularity of servicing, or general condition of the vehicle when the Dealer did not have correct to support its representations.

46.     As a result of Defendant's FDUTPA violations, Plaintiff suffered substantial damage, including but not limited to out-of-pocket monetary loss and a decrease in the actual value of the vehicle.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant for actual damages, litigation costs and attorney's fees, all declaratory and injunctive relief available; that the Court enter an order that Defendant and its agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records relating to Plaintiff, and such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 13th day of July, 2018, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

By /s/ Jordan Shaw
JORDAN A. SHAW, ESQ
Fla. Bar No.: 111771
Email: jshaw@zpllp.com
Secondary: mperez@zpllp.com
MARK S. FISTOS, ESQ.
Fla. Bar No.: 909191
Email: mfistos@zpllp.com
KIMBERLY A. SLAVEN, ESQ.
Fla. Bar No.: 117964
Email: kslaven@zpllp.com

CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 692-6013
Facsimile: (305) 574-0132

By /s/ Dennis Card
J. DENNIS CARD JR., ESQ.
Fla Bar No.: 0487473
Email: DCard@cloorg.com
DARREN R. NEWHART, ESQ.
Fla Bar No.:115546
Email: Darren@cloorg.com